## LEWIS M. JIGGITTS v. ELIZA A. BENNETT.

1. PROBATE COURT: JURISDICTION IN RELATION TO DOWER.—The jurisdiction vested by the Constitution, art. 4, § 18, in the Probate Court, over " all matters of the allotment of dower," applies only to cases between parties claiming in virtue of the title of the deceased, as widow and heirs, or widow and devisees, and not to cases between the widow and a stranger, where the lands are held adversely either to the deceased or his representatives. FISHER, J., dissented.

Jiggitts v. Bennett.

2. SAME.—The Probate Court may allot dower to the widow in the lands of which her husband was seised during coverture, and which he aliened without a relinquishment by her dower; but it cannot decree possession of the same to her. The only effect of such a decree, so far as the rights of the alienee are concerned, would be merely to designate the portion of the lands, so aliened, to which the widow would be entitled, and to enable her to sue for and recover the portion designated, upon her showing, in the proper tribunal, that the party in possession was not entitled to hold it; but the decree cannot in any manner affect his rights or prejudice his defence when called on to establish his title in a proper proceeding. See 6 S. & M. 393; 13 Ib. 691. FISHER, J., dissented.

3. SAME.—Per FISHER, J., dissenting.—The grant in the Constitution to the Probate Court, of jurisdiction "in matters of allotment of dower," is full and complete, and vests in that tribunal the power to hear and determine all questions in relation to the title to dower, and to allot it to the widow in all cases in which by law she is entitled to be endowed, and to put her in possession; and its decree is binding and conclusive on all persons who are parties to the proceeding, whether they be heirs, or strangers claiming adversely.

APPEAL from the Probate Court of Madison county. Hon. A. P. Hill, judge.

*D. Mayes*, for appellant,

Contended that the Probate Court had no jurisdiction to render so much of the decree as required a delivery of the possession of the dower assigned; that the defendant was a stranger, and not bound or concluded by the decree allotting dower to the widow, who would be bound to resort to her action of ejectment to recover as against him. See *Pickens* v. *Wilson*, 13 S. & M. 692; *James* v. *Rowan*, 6 Ib. 401. He also cited the following cases from Kentucky, which he contended were decided upon a statute of that State, in every essential respect like the one in this State, and that they were conclusive of the point involved. *Rintch* v. *Cunningham*, 4 Bibb, 462; *Williams* v. *Williams*, 1 J. J. Marsh. 106.

*Franklin Smith* and *I. M. Simmons*, for appellee,

Filed an elaborate brief, in which they discussed the effect of the deed offered in evidence by the defendant to defeat the claim for dower.

HANDY, J., delivered the opinion of the court.

This was a petition by the defendant in error—who was the

widow of Russell M'Cord Williamson, deceased—to the Probate Court of Madison county, for an allotment of her dower in the lands of the deceased.

The petition states that the husband died intestate, and during the marriage was seised and possessed of certain specified lands, which were sold to divers persons at sheriff's sale, under executions against him in his life time, in which lands she has not relinquished her right of dower; that there is no administration upon the estate of the husband, and that the plaintiff in error is in possession of, and claiming title to these lands, and praying a citation to him to answer the petition, and show cause why the petition should not be granted.

The plaintiff in error appeared, and by way of defence to the petition, offered in evidence several deeds showing sales of the lands at execution sales, as the property of Williamson; and other deeds under which he derived title. This evidence was all rejected, and the court proceeded to award dower in the lands to the petitioner, commanding the sheriff to summon commissioners to allot and assign the dower, and to put the widow in possession of the lands so assigned.

The only question which we consider it necessary to decide in this case is, whether it was competent for the Probate Court to cause the dower to be allotted and assigned so as to affect the rights of the plaintiff in error, and to turn him out of possession. And this question has been settled by this court. *James* v. *Rowan*, 6 S. & M. 393; *Pickens* v. *Wilson*, 13 Ib. 691. The statute regulating the exercise of the power conferred upon the Probate Court by the constitution, for the allotment of dower, has no reference to the rights of strangers, claiming adversely to the deceased. No provision is made for notice to such persons, and it is manifest that such questions are wholly foreign to the jurisdiction of that court, and are such from their nature, involving as they do matters both of law and fact, as that court, from its constitution, would be incompetent properly to adjudicate. If the statute had contemplated such an extent of jurisdiction, it would be plainly unwarranted by the provision of the constitution. That provision gives to the Probate Court jurisdiction in "all matters of the allotment

of dower," art. 4 § 18. The term " allotment" applies to parties
who claim in virtue of the title of the deceased, as the widow and
heirs, and over whom the Probate Court may have jurisdiction.
It signifies an apportionment of the interest of one or more parties
entitled to a share of the estate; and before the power can be exer-
cised so as to affect the rights of strangers, it must be shown that
the court has jurisdiction to adjudicate upon their rights. And
we think it manifest, that this provision of the constitution no
more confers jurisdiction on the rights of strangers claiming title
to lands adversely to the deceased and his representatives, than
the same section of the constitution, giving jurisdiction to the court
in " all matters of administration," confers the power to adjudi-
cate upon the titles of strangers who may claim the personalty in
opposition to the claim of the administrator.

So far as strangers are concerned then, the allotment in the
Probate Court could have no further effect than to ascertain the
part of the lands to which the widow would be entitled, and to
enable her to sue for those particular lands, and upon showing
that the party in possession, and claiming adversely, was not
entitled to hold the lands against her claim to recover the posses-
sion. The allotment would amount to but little, if anything, more
as to the rights of a stranger in possession, than a preliminary
step to show what part of the husband's lands she would be entitled
to upon showing her right of dower therein superior to the adverse
claim of the stranger. But the decree of the Probate Court cannot
in any manner affect his rights or preclude his defence, when pro-
perly called upon to establish his title.

The decree of the Probate Court, so far as it orders possession
of the lands allotted as the widow's dower, to be delivered to her,
is erroneous, and in that respect it is reversed.

SMITH, C. J., concurred.

FISHER, J., delivered the following dissenting opinion:—

The appellee filed her petition in the Probate Court of Madison
county, alleging that she was entitled to dower in certain lands in
the possession of the appellant, situate in said county. That the

appellant derived his title, either directly or indirectly from the husband of the appellee, during his lifetime; and that she never relinquished her right to dower.

The marriage, seisin of the husband during coverture, and his death, being established on the trial, the court granted a writ of dower, as directed by the statute, from which order this appeal has been prosecuted.

It is insisted that the jurisdiction of the Probate Court in regard to the allotment of dower, is confined to cases which may arise between the widow and heirs at law of the deceased husband, and that consequently in a case like the present, where the contest is between the widow and one claiming by purchase from the husband during the coverture, the petition cannot be maintained. Counsel, to sustain this view, has cited the 4th article and 18th section of the constitution, establishing and defining the jurisdiction of the Probate Court, which section is as follows:—"A Court of Probates shall be established in each county of this State, with jurisdiction in all matters testamentary and of administration, in orphans' business, and the allotment of dower," &c. It is said that the court in allotting dower performs merely a ministerial and not a judicial act; and hence it may be inferred, if this position be correct, that the jurisdiction of the court must be exercised merely for the purpose of affixing certain metes and bounds to the lands in which dower is claimed; and not for the purpose of determining whether the right to dower in fact exists. I cannot agree with counsel on this subject. The very term court, as well as the definition given of it by text writers, implies that its functions are to be of a judicial and not of a ministerial character, and following up the definition, it may be said in a few words, that the Probate Court of each county in the State, is the place wherein justice is to be judicially administered, in regard to the allotment of dower, as well as the other subjects enumerated in this section of the constitution. The word "allotment," when understood in the sense intended by the constitution, simply means that the Probate Court shall decide all cases in which an allotment of dower is claimed. The court shall decide whether the *allotment* ought to be made, and having so decided, the execution of the decree is of course a ministerial pro-

ceeding. But the question of right, whether the allotment shall or shall not be made is a judicial question, and one certainly confided by the constitution to the Probate Court. We must suppose that the convention in establishing courts of justice, and parcelling out the jurisdiction to each, understood the nature and peculiarities of the subjects over which particular courts were to exercise jurisdiction. When it was determined that the Probate Court should have jurisdiction in the allotment of dower, we must suppose that the convention knew what dower was, and against whom the claim might be asserted. The power to adjudicate the claim for dower, carries with it the power to adjudicate whatever may be interposed as a defence to defeat the claim. The power to hear one of the parties to the controversy, carries with it the power to hear the other; and if both can be heard, why is not the adjudication final and conclusive. Dower is a claim, which is as perfect under a certain state of facts, against the husband's vendee, as it is against his heir at law; and neither the constitution nor the statute has designated any other than the Probate Court, in which the party entitled can assert this right. It must be presumed that the constitution in conferring jurisdiction on the Probate Court over this subject, intended it to be complete; and that the convention understanding the right as regulated by law, intended the jurisdiction to be co-extensive with the right.

But it is said that this court is wholly inadequate to the trial of titles, and a party may often claim by a paramount title, or one distinct from that under which the widow claims. Such cases may frequently arise, but I cannot see why this court cannot as well as any other court, enter upon an investigation of the title when it is incidentally drawn in question. The truth is, the court does in every case of dower to some extent, look into the title. The question of the husband's seisin during coverture must in every case be decided; and the party claiming under a paramount title, is but offering evidence to rebut the evidence or presumptions in favor of the petitioner on this subject. Under our law it does not necessarily follow that because a man's title-deeds purport to convey to him an estate of freehold or in fee-simple, that he has actually acquired any estate whatever in the land; while unre-

butted, such proof would be sufficient to establish his seisin, so as to sustain the claim for dower. A deed passes only such interest as the grantor actually had in the land, and if he had nothing to convey, his deed could pass nothing. It is not necessary to inquire what the common law was on this subject, as the statute has settled the question. A party entering into possession under such conveyances would be treated as a disseisor, and his dying in possession, would not give his widow a right to dower against the person actually entitled to the land, for the reason already stated, that the seisin of the husband was not such as the law recognized, but was only such as could be acquired in virtue of the title under which he entered; I therefore see no reason why the superior title cannot always be interposed as a defence to dower, by a party in possession claiming under such title. If this view be correct, then the court below had full jurisdiction both over the subject-matter and over the parties; its judgment therefore is final until reversed.

I see no reason for reversing the decree, because there is nothing rebutting the evidence of seisin in the husband during coverture.

For these reasons, I have been unable to concur in the opinion of my brethren, and in the judgment of the court, reversing a part of the decree of the Probate Court, which I think should be entirely affirmed.